**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1115-17T1

U.S. BANK NATIONAL
ASSOCIATION, as Trustee
for Residential Asset
Mortgage Products, Inc.,
Mortgage Asset-Backed
Pass-Through Certificates,
Series 2005-EFC5,

     Plaintiff-Respondent,

v.

LEROY SPELLS,

     Defendant-Appellant,

and

CHERYL SPELLS, ROBERT
WOOD JOHNSON UNIVERSITY
and STEVEN T. DEAK, M.D.,

     Defendants.

_____

        Submitted November 14, 2018 – Decided  November 29, 2018

        Before Judges Suter and Firko.

On appeal from Superior Court of New Jersey, Chancery Division, Somerset County, Docket No. F-019475-16.

Leroy Spells, appellant pro se.

Duane Morris, LLP, attorneys for respondent (Brett L. Messinger and Stuart I. Seiden, of counsel and on the brief).

PER CURIAM

Defendant Leroy Spells appeals the September 27, 2017 final judgment, foreclosing his interest in certain residential real estate. We disagree with defendant's arguments that plaintiff lacked standing to foreclose and did not comply with the Fair Foreclosure Act, N.J.S.A. 2A:50-53 to -68 (FFA), and affirm the foreclosure judgment.

On August 18, 2005, defendant signed a $273,750 note to EquiFirst Corporation (EquiFirst) in connection with a residential property in Somerset, New Jersey. The same day, defendant and his wife, defendant Cheryl Spells,[1] executed a mortgage to Mortgage Electronic Registration Systems (MERS) as nominee for EquiFirst to secure the note. The mortgage was recorded. In January 2010, that mortgage was assigned by MERS to U.S. Bank, N.A., as Trustee and recorded. Defendant defaulted on the note on September 1, 2015,

---

[1] She did not appeal the foreclosure judgment.

and then did not make subsequent payments. Ocwen Loan Servicing, LLC, the loan servicer, sent defendant a notice of intention to foreclose (NOI) in January 2016. An assignment was recorded on May 31, 2016, which corrected the 2010 assignment to reflect plaintiff, U.S. Bank N. A., as trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-through certificates, Series 2005-EFC5, as the assignee.

Plaintiff filed a foreclosure complaint on July 13, 2016; defendant filed a contesting answer with several affirmative defenses, including a claim that plaintiff lacked standing.

Plaintiff's motion for summary judgment was granted in December 2016.[2] Relying on a certification from Albert Gruber, Ocwen's contract management coordinator, plaintiff claimed the original note was in its possession, the mortgage was assigned to it and recorded prior to filing the foreclosure complaint, and defendant defaulted and remained in default on payments. Defendant argued plaintiff did not have standing to foreclose because Gruber's certification did not say plaintiff was in possession of the note before it filed the foreclosure complaint. The court found Gruber's supporting certification complied with N.J.R.E. 803(c)(6) because it was based on "personal knowledge

---

[2] Defendant opposed the motion and cross-moved for summary judgment.

gleaned from . . . personal review of the business records maintained by [the servicing carrier]."  Plaintiff met all requirements to foreclose on the property. A final judgment of foreclosure was entered on September 27, 2017.

On appeal, defendant seeks reversal asserting plaintiff lacked standing to foreclose because it did not show it owned or controlled the note prior to when the complaint was filed, the mortgage assignment was not properly authenticated, plaintiff was not the holder or owner of the note and Gruber's supporting certification was not based on personal knowledge.  Defendant claims the NOI did not comply with the FFA because it was sent by Ocwen, not the lender, and had no supporting evidence.  We consider these arguments de novo in a light most favorable to defendant as the non-moving party.  R. 4:46-2(c); Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).  We find they have no merit.

"The only material issues in a foreclosure proceeding are the validity of the mortgage, the amount of the indebtedness, and the right of the mortgagee to resort to the mortgaged premises."  Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993).  Defendant did not dispute he signed the note and mortgage, defaulted on payment and did not pay the mortgage since September 1, 2015.  Gruber's certification established plaintiff had possession of the note

and, when the foreclosure complaint was filed, was assigned the mortgage, which was recorded. Combined with the defendant's failure to make the requisite payments, we agree with the trial court that plaintiff had the right to enforce the mortgage and note by way of foreclosure.

Defendant's primary arguments center on his claim that plaintiff lacked standing to foreclose. A party seeking to establish its right to foreclose on a mortgage must generally "own or control the underlying debt." Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 222 (App. Div. 2011) (quoting Wells Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592, 597 (App. Div. 2011)); see Bank of N.Y. v. Raftogianis, 418 N.J. Super. 323, 327-28 (Ch. Div. 2010). In Deutsche Bank Tr. Co. Ams. v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012), we held that "either possession of the note or an assignment of the mortgage that predated the original complaint confer[s] standing," thereby reaffirming our earlier holding in Mitchell, 422 N.J. Super. at 216. After February 18, 2016, "[o]nly the established holder of a mortgage shall take action to foreclose a mortgage." N.J.S.A. 46:18-13(a). Under that statute, "[a] person, or entity, is the 'established holder of a mortgage' if that person, or entity, is: (1) the record holder of the mortgage as established by the latest record of assignment . . . in the records of the county clerk or the register of deeds and

mortgages . . . ." N.J.S.A. 46:18-13(b)(1).  We agree with the trial court that plaintiff showed the mortgage was assigned to it and recorded prior to filing the complaint.  We are satisfied that assignment of the mortgage before the foreclosure complaint was filed was sufficient to establish standing.

Gruber's certification complied with N.J.R.E. 803(c)(6).  See New Century Fin. Servs., Inc. v. Oughla, 437 N.J. Super. 299, 326 (App. Div. 2014). He certified the loan records were business records, he had personal knowledge of how the records were kept and maintained, he had personally reviewed the account, and plaintiff remained in possession of the note and mortgage.  The NOI identified the lender and its address, and contained the required information under the FFA.  See U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 480 (2012).

After carefully reviewing the record and the applicable legal principles, defendant's further arguments are without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

6

A-1115-17T1